# Joseph Entwisle, Impleaded, etc., Plff. in Err., v. James Mulligan.

Where an agreement in writing between A and B, his son, provided that a certain business should be conducted in the name of A & Son, but that all losses and profits should belong to and be borne by A and that B should receive a fixed salary for his services,—*Held*, that A and B were partners as to all persons to whom knowledge was not brought home of the character or terms of the agreement.

In the above case it was not error to admit testimony that B had represented himself as a partner, and that his name appeared in a directory as a member of the firm.

(Argued February 9, 1888. Decided February 20, 1888.)

January Term, 1887, Nos. 305, 306, 308, E. D., before PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to

NOTE.—One who holds himself out as a partner, on the credit of which another acts, can be fixed with the liability of a partner. Denithorne v. Hook, 112 Pa. 240, 3 Atl. 777. It is immaterial that there were secret arrangements otherwise. Drennen v. House, 41 Pa. 30; Kirk v. Hartman, 63 Pa. 97; Burgan v. Cahoon, 1 Pennyp. 320; Reed v. Kremer, 111 Pa. 482, 56 Am. Rep. 295; 5 Atl. 237.

the Common Pleas of Delaware County to review a judgment in favor of the plaintiff in an action of assumpsit. Affirmed.

Four suits were brought by James Mulligan, against John L. Entwisle and Joseph Entwisle, trading as John L. Entwisle & Son, on four promissory notes made and signed by John L. Entwisle & Son, in favor of the plaintiff.

At the trial in the court below the following facts appeared: Previous to January 1, 1883, John L. Entwisle was carrying on business in the city of Chester in his own name, and under that name had been a customer of the plaintiff and was at that time indebted to him in a large amount. January 1, 1883, the following agreement was entered into between John L. Entwisle and his son, Joseph Entwisle:

"This agreement, made this first day of January, A. D. 1883, between John L. Entwisle and Joseph Entwisle, both of the city of Chester, in the estate of Pennsylvania, Witnesseth, as follows:

"The said Joseph Entwisle, for the consideration hereinafter mentioned, hereby agrees to devote his whole time, skill, and labor in and about the business of the said John L. Entwisle, as now carried on at his store on Third street, east of Penn street, in the city of Chester, for the term of one year from the first day of January, 1883, and so on from year to year, until either of the parties hereto shall give to the other one month's notice of his intention to determine this agreement prior to the end of any year, or until it shall be determined by the death of either of the parties hereto. The services of the said Joseph Entwisle under this agreement shall be under the direction of and subject to the control and management of the said John L. Entwisle. The business of the said John L. Entwisle under this agreement shall be conducted under the trading name of John L. Entwisle & Son.

"All of the property of the said business shall remain and be the property of the said John L. Entwisle, and all of the profits and losses shall belong to and be borne by the said John L. Entwisle. In consideration of the foregoing, the said John L. Entwisle hereby agrees to pay to the said Joseph Entwisle the sum of $12 per week, weekly, and the further sum of $300 at the end of each and every year that this agreement shall continue in force.

"It is further agreed that neither of the parties hereto shall indorse notes for any other person, or become in any way bound for the debt, default, or miscarriage of any other person whatever.      [Signed]       John L. Entwisle,

                      Joseph Entwisle."

In accordance with this agreement the name was changed and a sign bearing the new one was put up, and the bill heads were changed.

W. B. Hafflefinger was offered as a witness for the plaintiff, and testified as follows:

Q. What is your business?

A. I am a salesman of Carey Brothers & Grevemeyer, Philadelphia.

Q. Did you have any talk with Joseph Entwisle about his membership of this firm?

Objected to, unless it is connected with Mr. Mulligan, or is intended to prove an actual partnership.

Admitted. Exception by Mr. Dickinson, who prays the court to seal a bill of exceptions, which is done accordingly.

By the Court. He told you what?

A. I was sent down there by the firm in 1883 to sell them wall paper, and Joseph Entwisle told me he had been taken into the firm, and I sold them a bill at that time as Joseph Entwisle & Son.

Q. You mean John L. Entwisle & Son?

A. John L. Entwisle; yes, sir.

By the Court. Was that at their regular place of business?

A. Yes, sir.

The court admitted, under objection, the directory of the city of Chester in which Joseph Entwisle's name appeared as a member of the firm.

The plaintiff presented, *inter alia,* the following point:

1. The notes in the above suit being signed John L. Entwisle & Son, if the jury find that Joseph Entwisle, who is here making defense, is the son referred to in the firm name, he is liable in this action, although as between himself and John L. Entwisle he might not be a partner.

*Ans.* That is affirmed, unless the jury find that he (the plaintiff) had notice that Joseph Entwisle was a mere employee, and that he was not to be liable, and that he had no share in the profits and was not liable for the loss. 7.

The defendant requested the court to charge:

1. Joseph Entwisle was not under the agreement of January 1, 1883, a partner of John L. Entwisle, or a member of the firm of John L. Entwisle & Son.

*Ans.* I decline to so charge you, unless you so find that notice was given. It is, in other words, conveying the same idea in a negative manner as the idea in the plaintiff's points. As between themselves he was not a partner, but as to the outside world he was a partner, and as a partner is liable for all the debts of the concern. 8.

2. There can be no recovery in this case unless the plaintiff has satisfied you that the debt due him was contracted on the faith of Joseph Entwisle being a member of the firm of John L. Entwisle & Son, and that credit was extended to him as such.

*Ans.* I decline to so charge you. Prima facie the defendants are both liable as partners, and the onus is upon Joseph to prove notice. As I before stated, the gist of this action is the question of notice. 9.

3. There can be no recovery in this case as to the portion of the plaintiff's claim represented by the book account, because all payments made by John L. Entwisle & Son are in excess of the goods purchased by John L. Entwisle & Son, and all payments. made by them should be appropriated to the debt contracted in their name.

*Ans.* I decline to so charge you, under all the circumstances of the case. It appears that the notes were given by the new firm for old debts; and the carrying on of the business is a sufficient consideration. A note requires no consideration; this is an action upon those notes, and that these goods were sold to the firm there can be no doubt. The debts due on the old business were paid by notes from the new firm. 10.

The court charged, *inter alia,* as follows:

[I construe this paper of January 1, 1883, providing for a change of the firm name from John L. Entwisle to John L. Entwisle & Son, as creating a general partnership between these two gentlemen as to all the world except themselves.] 1. It ap-

pears that the name was changed and the sign bearing the new one put up. John L. Entwisle was taken down and the name of John L. Entwisle & Son substituted; bill heads were changed, and notice was at least given to the plaintiff that the firm name was changed to John L. Entwisle & Son. [I therefore instruct you that the effect of that paper was to make these two gentlemen general partners to all parties dealing with them without notice of the private understanding between them. The private agreement between them is binding and is the law only between Mr. Entwisle and his son. Persons having no notice of the contents of that paper are not bound by it; they have the right to take things as they appear, and when you see the name of John L. Entwisle & Son, and do business with that firm, the law presumes that there are two persons in the firm, the one John L. Entwisle, and the other, his son. The paper sufficiently establishes who the son was; it was Joseph, there can be no doubt about that. Everything, therefore, that that firm did, all the agreements that were made by it with the outside world, were the agreements of general partners, unless notice was given that they were not partners, but that one was the employer, and that business was not carried on by John L. Entwisle & Son, but by John L. Entwisle alone, trading under the name of John L. Entwisle & Son.] 2.

That being the effect of this paper, it is proper also that [I should say to you that the burden of proving that Joseph was not a partner and was not liable as such is upon him, the presumptions are all against him. He must prove to your satisfaction that notice was given to James Mulligan that he was not to be personally liable for any goods sold to that firm, and unless you can find from the testimony you have heard that such notice was given, the plaintiff is entitled to your verdict.] 3.

[There is but one question to be considered by you, the issue is a very narrow and sharp one. It is simply this: Did the Entwisles, or either of them, give notice to Mr. Mulligan that Joseph was not a partner and was not to be held liable as such?] 4.

[Now, I can only say to you that the doubt in the case is to be removed by the defendant, not by the plaintiff. The presumption is against the defendant.] 5.

[As I told you, all the presumptions here are that these gentlemen are partners; they can only escape that by bringing home

to Mr. Mulligan actual notice that this man is not a partner, and not liable for debts contracted by the concern. 6.

Verdict and judgment for plaintiff.

The assignments of error specified: (1, 11) The rulings on evidence; (7–10) the answers to points; (2–6) the portions of the charge included within brackets; (12) the charge to the jury; and (13) the entering of judgment in favor of plaintiff.

*O. B. Dickinson,* for plaintiff in error.—Surely the mere fact that the plaintiff in error entered into a lawful contract with a man who chose to trade in a firm name did not make him liable for that man's debts. In assuming that it did, the learned judge overlooked what this court has held to be an absolutely essential element in such cases, namely: That plaintiff below must have dealt with the firm on the faith of Joseph being a member of it. Denithorne v. Hook, 112 Pa. 240, 3 Atl. 777; Burgan v. Cahoon, 1 Pennyp. 320.

In overlooking this necessary element in the case the court below was led into the further error of admitting the testimony of the witness Hafflefinger, and the Chester directory. Denithorne v. Hook, 112 Pa. 240, 3 Atl. 777.

*Peter Boyd* and *Robinson & Green,* for defendant in error.— If a man holds himself out, or knowingly suffers himself to be held out, as a partner, on the faith of which others trust or enter into contracts with the firm, he is responsible, whether he is in point of fact interested as a partner or not. Kirk v. Hartman, 63 Pa. 106; Collyer, Partn. § 86; Story, Partn. § 64; Johnston v. Warden, 3 Watts, 105; Shafer v. Randolph, 99 Pa. 253.

If a person has represented himself to be a partner and has been trusted as such, he is bound by that representation; and it is no defense by him to show that he is not in fact a partner. Johnston v. Warden, 3 Watts, 105, and Shafer v. Randolph, 99 Pa. 253.

PER CURIAM:

This was peculiarly a case for the jury. It involved but the single question of fact whether a partnership existed between Joseph Entwisle, plaintiff in error, and his father, under the name of John L. Entwisle & Son. The jury have found the

partnership, and upon ample evidence. It was urged, however, that such finding was the result of incompetent evidence, and erroneous instructions from the court upon the law of the case.

There was evidence of the admission by the plaintiff in error of the fact of the partnership. It was not error, therefore, to admit the testimony of W. B. Hafflefinger that plaintiff in error had represented himself to the witness as a partner; nor was it error under such circumstances to admit the directory of the city of Chester, in which his name appears as a partner. It was evidence in corroboration of what the plaintiff below had testified to, in regard to the admission of Joseph Entwisle.

Nor are we prepared to say that the court erred in its construction of the agreement between Joseph and his father of the date of January 1, 1883. That paper provided in terms that the business should be conducted under the name of John L. Entwisle & Son. While as between themselves, they were not partners under the agreement, we think the learned judge was correct in holding that they were partners as to all persons to whom knowledge was not brought home of the character or terms of the paper.

A careful examination of the charges of the court and the answers to points failed to disclose any substantial error. The finding of the jury was abundantly justified by the evidence, and we think substantial justice has been done.

Judgment affirmed.